IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| LATISHA JOHNSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 6:23-cv-263 |
| | § | |
| PACKAGING CORPORATION OF AMERICA, | § | |
| | § | |
| *Defendant.* | § | JURY TRIAL REQUESTED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

NOW COMES Plaintiff, Latisha Johnson, complaining of Defendant, Packaging Corporation of America, and files this Plaintiff's Original Complaint alleging the following:

### I. Nature of the Case

1. Plaintiff, Latisha Johnson, brings this action under the Family & Medical Leave Act (FMLA), 29 U.S.C. 2601, *et. seq.*, for the unlawful employment practices committed by Defendant, Packaging Corporation of America, against Plaintiff by interfering with Plaintiff's leave and by terminating Plaintiff's employment.

### II. Parties and Service of Process

2. Plaintiff is an individual who resides in the Western District of Texas.

3. Defendant, Packaging Corporation of America ("PCA"), does business in the Western District of Texas and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III. Jurisdiction & Venue

4. This Court has jurisdiction over this suit because Johnson's causes of action arise under federal law, *i.e.*, the FMLA. Venue is proper in the Western District of Texas, Waco Division, because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Texas, Waco Division.

### IV. Factual Background

5. Latisha Johnson began work for PCA in January 2014. Johnson worked as a Machine Operator in PCA's Waco, Texas facility. On or around July 31, 2020, Johnson agreed to become a foster parent to her niece through the Texas Department of Family and Protective Services (TDFPS) kinship caregiver program. To facilitate this foster placement, TDFPS required Johnson to take time off work for various appointments and meetings concerning her niece's placement.

6. Johnson notified PCA, including her supervisor and HR, that she would need days off work to facilitate the foster placement. Johnson requested that she be allowed to take Family & Medical Leave (FML) to cover these absences and protect her position. PCA's HR Representative rejected this request, informing Johnson that the foster placement was not covered under FML because it was not medical-related. PCA never sent any forms or any information to Johnson acknowledging Johnson's

request for leave or informing Johnson she was eligible for leave. Johnson missed several days of work related to the foster placement.

7. On June 28, 2021, PCA notified Ms. Johnson that she was being discharged because of her absences, many of which related to the foster placement.

## V. Causes of Action

*Violations of the Family & Medical Leave Act (Interference & Retaliation)*

8. The FMLA entitled Johnson to 12 work weeks of "FMLA leave before the actual placement…of a child if an absence from work is required for the placement for…foster care to proceed." 29 C.F.R. § 825.121(a)(1). "For example, the employee may be required to attend counseling sessions, appear in court, consult with his or her attorney or the doctor(s) representing the birth parent, [or] submit to a physical examination…" *Id*.

9. The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right under the FMLA, or discharge or otherwise discriminate against an individual for opposing any practice made unlawful by the FMLA.

10. PCA is an "employer" as that term is defined under the FMLA. PCA employed more than fifty (50) employees at Johnson's work location.

11. Johnson is an "eligible employee" within the meaning of the FMLA in that she was employed by Defendant for at least 12 months and for at least 1,250 hours of service during the previous 12-month period.

12. PCA intentionally interfered with and/or denied the exercise of rights provided under the FMLA by failing to provide proper notices to Plaintiff, by

subjecting her to the attendance policy for absences associated with her niece's foster placement, and by discharging Plaintiff.

13. Defendant violated both Johnson's prescriptive and proscriptive rights under the FMLA by the actions described above and by retaliating against her for exercising her rights under the FMLA.

14. Defendant acted willfully in violating Plaintiff's rights under the FMLA.

## VI. Damages

15. As a result of the above, Johnson has lost past and future wages and benefits of employment.

16. Plaintiff also seeks the recovery of liquidated damages under the FMLA. Because PCA has failed to act in good faith and has intentionally violated the FMLA, Johnson will seek recovery of—in addition to the damages described above—an award of liquidated damages equal to the sum of any wages, salary, employment benefits lost to Johnson by reason of an FMLA violation, as authorized under the FMLA. *See* 29 U.S.C. §2617(a)(1)(A)(iii).

## VII. Reinstatement

17. Johnson further seeks reinstatement to her position at PCA, to the extent it is feasible. *See* 29 U.S.C. §2617(a)(1)(B).

## VII. Attorney Fees

18. Johnson has had to employ attorneys to vindicate her rights under the law, and therefore, she seeks reasonable and necessary attorneys' fees and costs under the FMLA. Johnson also intends to seek recovery of any and all attorneys' fees incurred in this matter. *See* 29 U.S.C. §2617(a)(3).

## VIII. <u>Demand for Jury Trial</u>

19.     Johnson hereby respectfully demands a trial by jury of all claims and issues in this cause.

WHEREFORE, Plaintiff, Latisha Johnson, respectfully requests that the Court issue citation for Defendant, Packaging Corporation of America, to appear and answer, and that upon final trial, Plaintiff have and recover a judgment against Defendant for all actual damages suffered and/or incurred by Plaintiff, for pre-judgment and post-judgment interest at the highest rates allowed by law, for court costs, attorneys' fees, liquidated damages, and for all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Joel S. Shields*
Benjamin C. Yelverton
State Bar No. 24084132
E-mail: yelverton@sytfirm.com
Joel S. Shields
State Bar No. 24041907
E-mail: shields@sytfirm.com
SCANES YELVERTON TALBERT, LLP
7901 Fish Pond Road, Suite 200
P. O. Box 20965
Waco, Texas 76702-0965
(254) 399-8788
(254) 399-8780 (FAX)

**ATTORNEYS FOR PLAINTIFF**